UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE MORRISON,<br><br>       Plaintiff,<br><br>    v.<br><br>E. VIERRA,<br><br>       Defendant. | No.  2:20-cv-1924 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening.  For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis and recommends this action be dismissed because it is duplicative of an action filed previously by plaintiff and because plaintiff fails to state a claim for relief cognizable under § 1983.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**SCREENING**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

In his complaint, plaintiff alleges that he was placed on the waitlist for a job in the prison laundry on March 13, 2013.  He was eventually hired on August 24, 2018.  Plaintiff claims he was discriminated against in the intervening years because other, similarly situated inmates were hired before he was.  Plaintiff contends the belated hiring violated his right to equal protection of the laws.

In 2019, plaintiff filed Morrison v. Vierra, No. 2:19-cv-0284 JAM DB P.  In that case, plaintiff raised the identical claim.  The court dismissed that case for plaintiff's failure to state a claim on which relief could be granted.  (ECF Nos. 13, 15.)  As plaintiff was informed in that case, his "class-of-one" theory under the equal protection clause does not apply to public employment.  Engquist v. Oregon Dept. of Agr., 553 U.S. 591, 606-07 (2008).  Courts in this district have applied Engquist in the context of prison inmate jobs.  See, e.g., Weathers v. Hagemeister-May, No. 1:13-cv-1932 AWI MJS, 2015 WL 1956433, at *5 (E.D. Cal. Apr. 29, 2015), aff'd, 663 F. App'x 547 (9th Cir. 2016).

Plaintiff appealed this court's decision in his 2019 case.  On May 12, 2020, the Ninth Circuit Court of Appeals affirmed the district court's decision.  (ECF No. 21.)

1      For these reasons, IT IS HEREBY ORDERED as follows:

2      1. The Clerk of the Court shall randomly assign a district judge to this case.

3      2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

4      3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the California Department of Corrections and Rehabilitation filed concurrently herewith.

Further, IT IS RECOMMENDED that this action be dismissed because it is duplicative of a prior action filed by plaintiff and because plaintiff fails to state a claim on which relief can be granted under 42 U.S.C. § 1983.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 26, 2021

DLB:9
DLB1/prisoner-civil rights/morr1924.scrn fr

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

3